1  Sean M. Driscoll, OSB No. 022987
   Sean.Driscoll@lewisbrisbois.com
2  Lucy G. Ohlsen, OSB No. 184198 (*admission pending*)
   Lucy.Ohlsen@lewisbrisbois.com
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   888 SW Fifth Avenue, Suite 900
4  Portland, Oregon 97204-2025
   Telephone: 971.712.2800
5  Fax: 971.712.2801

6  Attorneys for Defendants H3RITAGE, INC., TILT 1
   LLC, TILT 2 LLC, and TILT 3 LLC.

7

8

9              **UNITED STATES DISTRICT COURT**

10             **FOR THE DISTRICT OF OREGON**

11                **PORTLAND DIVISION**

12

13  OMAR ROJER,                          Case No.  3:19-CV-1989

14             Plaintiff,                **DEFENDANTS' NOTICE OF
                                         REMOVAL**
15       vs.
                                         Pursuant to 28 U.S.C. §§1441 and 1446
16  OCTAVIAN JURJ and BRITTANY JURJ,
    individuals; H3RITAGE, INC., an Oregon  (Multnomah County Circuit Court Case
17  corporation; and TILT 1 LLC, TILT 2   No. 19CV43275)
    LLC, and TILT 3 LLC, Oregon limited
18  liability companies,

19             Defendants.

20

21  TO:    The Judges and Clerk of the United States District Court for the District of Oregon

22            PLEASE TAKE NOTICE that defendants H3RITAGE, INC., TILT 1 LLC, TILT 2

23  LLC, and TILT 3 LLC., ("Tilt Defendants"), remove this action to this Court from the

24  Circuit Court of the State of Oregon for the County of Multnomah, pursuant to 28 U.S.C

25  Section 1446.

26

27

1.    On or about October 2, 2019, Plaintiff Omar Rojer commenced this civil action against the Tilt Defendants in the Circuit Court of the State of Oregon for the County of Multnomah by filing a Complaint entitled, *Omar Rojer v. Octavian Jurj and Brittany Jurj; H3ritage, Inc.; and TILT 1 LLC, TILT 2 LLC, and TILT 3 LLC*, Case No. 19CV43275. *See* concurrently filed Declaration of Sean M. Driscoll in Support of Defendant's Notice of Removal, Exhibit 1 (Summons and Complaint) and Exhibit 2 (Multnomah County Circuit Court docket for Case No. 19CV43275). [1]

2.    In his Complaint, Plaintiff alleges claims under state and federal wage and hour law as well as state common law. *Id.*

### Defendant's Removal is Timely

3.    On or about November 22, 2019, the Tilt Defendants accepted service of Plaintiff's Summons and Complaint. Driscoll Decl. ¶ 4; Exhibit 3 (Acceptance of Service). Plaintiff's Summons and Complaint constitute all of the process, pleadings and orders served on any party in the state court action. Accordingly, the deadline for the Tilt Defendants to respond to and/or remove the action has not expired. The Tilt Defendants have not entered or appeared or voluntarily invoked or submitted to the jurisdiction of the Circuit Court of the State of Oregon for the County of Multnomah in any manner.

### Federal Jurisdiction

4.    The above-described action is a civil action which may be removed from the state court under 28 U.S.C. §1441 because Plaintiff brought this civil action, in part, arising under the Constitution, laws or treaties of the United States in the state court.

---

[1] All exhibits referenced herein are attached to the Declaration of Sean M. Driscoll.

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

1   Exhibit 1, Complaint ¶¶ 38 – 40, (asserting claim under the Fair Labor Standards Act, 29

2   U.S.C. § 203 *et seq.*)

3       5.      Under 28 U.S.C §1331, the district courts shall have original jurisdiction of

4   all civil actions arising under the Constitution, laws, or treaties of the United States.

5                          **Other Procedural Requirements**

6

7       6.      Removal to this Court is proper pursuant to 28 U.S.C. §1446(a) because the

8   United States District Court for the District of Oregon, Portland Division, is the federal

9   district and division within which the state court action is currently pending.

10      7.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of

11  Removal, Defendants will give written notice thereof to Plaintiff, and file a notice of

12  removal with the Clerk of the Circuit Court, Multnomah County, Oregon, informing the

13  court that this matter has been removed to federal court.  A copy of this Notice of Removal

14  will also be served upon counsel for Plaintiff.

15

16      8.      Counsel for defendants Brittany Jurj and Octavian Jurj consent to the

17  removal of this action. Driscoll Decl. ¶ 5.

18

19      DATED this 6th day of December, 2019.

20                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22                          By:   */s/ Sean Driscoll*
                                  _____
23                                Sean M. Driscoll, OSB #022987
                                  Lucy Ohlsen, OSB #184198
24                                Telephone: 971.712.2800
                                  Facsimile: 971.712.2801
25                                Sean.Driscoll@lewisbrisbois.com

26                                *Attorneys for H3RITAGE, INC., TILT 1 LLC,
                                  TILT 2 LLC, and TILT 3 LLC*
27

1    <u>**CERTIFICATE OF SERVICE**</u>

2        I certify that I served the foregoing **DEFENDANTS' NOTICE OF REMOVAL**

3    on the following attorneys by the method indicated below on the 6th day of December,

4    2019:

5

6    ***Attorneys for Plaintiff:***

7    Jon M. Egan, PC              _____ ✓    Via First Class Mail
     547 Fifth Street             _____      Via Federal Express
8    Lake Oswego, OR 97034-3009   _____      Via Facsimile
     jegan@eganlegalteam.com      _____      Via Hand-Delivery
9                                 _____ ✓    Via E-Mail

10

11

                                  LEWIS BRISBOIS BISGAARD & SMITH LLP
12

13
                                  By:   */s/ Sean Driscoll*_____
14                                      Sean M. Driscoll, OSB #022987

15

16

17

18

19

20

21

22

23

24

25

26

27

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

1
2
3

IN THE CIRCUIT COURT OF THE STATE OF OREGON

4

FOR THE COUNTY OF MULTNOMAH

5
6

| | | |
|---|---|---|
| OMAR ROJER, | | Case No. 19CV43275 |
| | Plaintiff, | |
| vs. | | SUMMONS |
| OCTAVIAN JURJ and BRITTANY JURJ, individuals; H3RITAGE, INC., an Oregon corporation; and TILT 1 LLC, TILT 2 LLC, and TILT 3 LLC, Oregon limited liability companies, | | |
| | Defendants. | |

7
8
9
10
11
12
13

NOTICE TO DEFENDANT:
READ THESE PAPERS
CAREFULLY!

14
15

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

16
17
18

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

19
20

DATED this 20th day of November, 2019        JON M. EGAN, P.C.

21
22

_____
Jon M. Egan, OSB #002467
Attorney for Plaintiff

23

Page 1 – SUMMONS

Exhibit 1
Page 1 of 15

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| OMAR ROJER,<br><br>              Plaintiff,<br><br>    vs.<br><br>OCTAVIAN JURJ and BRITTANY JURJ, individuals; H3RITAGE, INC., an Oregon corporation; and TILT 1 LLC, TILT 2 LLC, and TILT 3 LLC, Oregon limited liability companies,<br><br>              Defendants. | Case No.<br><br>COMPLAINT<br><br>Oregon Wage and Hour Claims<br><br>Damages estimated at $999,999.99<br><br>Jury Trial Requested<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Filing fee of $594 per ORS 21.160(1)(c) |

1.

Plaintiff complains as follows against Octavian Jurj and Brittany Jurj, individuals, and H3ritage, Inc., Tilt 1 LLC, Tilt 2 LLC, and Tilt 3 LLC (all defendants together referred to herein as "TILT"), on behalf of himself and the class and collective members. Unless otherwise specifically limited herein, all facts, claims for relief, and causes of action are alleged against each and every defendant.

2.

This is an action under state and federal wage and hour law and state common law for certain present and former employees of TILT to recover unpaid wages, penalty wages, statutory damages, liquidated damages, economic and non-economic

Page 1 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 2 of 15**

1  damages, and attorney fees, costs, and disbursements (and pre- and post-judgment

2  interest thereon), as well as declaratory relief. All allegations herein are made to the

3  best of plaintiff's and his counsel's good-faith knowledge, information, and belief,

4  based upon the evidence adduced to date, and plaintiff reserves the right to amend

5  the complaint upon the discovery of additional facts.

6  ## FACTS CONSTITUTING CLAIMS FOR RELIEF

7  ### Nonpayment of wages

8  3.

9  On several occasions, TILT deducted 30 minutes from plaintiff's time for no

10 apparent reason.

11 ### Wrongful Deductions

12 4.

13 Under Oregon law, employers are only authorized to deduct amounts from

14 employees' wages that are required by law. Yet on numerous occasions, TILT

15 deducted all or part of the employer's share of Social Security and Medicare taxes

16 from their employees' wages, including by rounding up instead of down in violation

17 of applicable tax regulations. In addition, TILT deducted excessive amounts from

18 employee wages on several occasions based on the wrong Oregon state tax rates.

19 Those deductions were all illegal.

20 ### Wrongful Theft of Tips and Gratuities

21 5.

22 TILT required employees to put all tips and gratuities into a tip pool. TILT kept all

23 of the tip pool documents secret, so that no one knew whether or when those moneys

Page 2 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 3 of 15**

1  ever got paid, or to whom. The employees simply had to trust TILT to distribute the

2  tip pool money correctly and not take advantage of them. TILT was thus in the

3  position of bailor, fiduciary, and trustee with regard to those tip pool funds. The tip

4  pool funds constituted a specific, earmarked fund capable of identification, held in

5  trust for the beneficiary employees. TILT required Plaintiff and the class and

6  collective members to participate in an illegal tip pool, in which tips were taken from

7  those to whom they were given and allegedly given to employees who worked in non-

8  customarily tipped occupations and/or managers, supervisors, and one or more

9  employers. TILT is also believed to have kept some of those tips that it was

10  purportedly giving to back-of-the-house staff. And even within this illegal mandatory

11  tip pool, TILT changed the distribution without informing the employees, to give

12  more and more of the tip pool to the back of the house rather than paying them

13  market wages.

14  **CLASS ALLEGATIONS**

15  6.

16  TILT engaged in acts and practices that violated the class members' rights under

17  Oregon law. This class action is brought on behalf of all current and former

18  employees of TILT from six years preceding the filing of this Complaint through the

19  date of trial.

20  **NUMEROSITY**

21  7.

22  The class is so numerous that joinder of all members is impracticable, consisting

23  of an estimated 200 persons (given known staffing levels and observed and estimated

Page 3 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 4 of 15**

turnover).

**COMMONALITY**

8.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

a.  Whether the unexplained 30-minute time deductions were justified under any factual or legal basis;

b.  What deductions defendants made from employees' pay, whether those deductions were required by law, what damages result, and whether and to what extent each defendant is responsible for its and other defendants' violations under a joint employment or other theory;

c.  What defendants' tip policy was, whether that policy comports with applicable state and federal law, whether and to what extent the class members are entitled to the tips and gratuities that are left for them by the customers, what the terms of any tip pool agreement were, whether any employer breached that agreement, whether any employer's acquisition of those tips and gratuities constitutes a bailment or trust or fiduciary relationship, whether any employer taking those tips and gratuities exercised unlawful dominion and control over those tips and gratuities so as to justly be required to repay the full value of the property, whether those tips and gratuities were obtained by any employer under duress, whether the theft constitutes unjust enrichment, whether *ex aequo et bono* any employer should have to pay

Page 4 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 5 of 15**

the stolen tip amounts to the class members, and whether (on motion)
punitive damages are appropriate; and

d.  Whether the violations were willful and what remedies are available for
the violations.

## TYPICALITY

9.

Plaintiff's claims are typical of those of the other class members because:

a.  Plaintiff is a member of the class.

b.  Plaintiff's claims stem from the same practice or course of conduct that
forms the basis for the class's claims.

c.  All of the class members' claims are based on the same facts and legal
theories.

d.  There is no antagonism between the interests of plaintiff and the class
members, because their claims are for damages provided to each class
member separately by statute or the common law.

e.  The injuries that plaintiff suffered are similar to the injuries that the
class members suffered, and they are relatively small compared to the
expense and burden of individual prosecutions of this litigation.

f.  The prosecution of separate actions by the class members could either
result in inconsistent adjudications establishing incompatible pay
practices or, as a practical matter, dispose of the legal claims of class
members who are not parties to such separate adjudications.

///

Page 5 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 6 of 15

**ADEQUACY OF REPRESENTATION BY PLAINTIFF**

10.

Plaintiff will fairly and adequately protect the interests of each class because:

    a.   There is no conflict between plaintiff's claims and those of the other class members.

    b.   Plaintiff has retained counsel experienced in handling class actions involving wage and hour law, who will vigorously prosecute this litigation.

    c.   Plaintiff's claims are typical of the claims of the class members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

**COMPLIANCE WITH ORCP 32H**

11.

Thirty days or more prior to the commencement of this action, plaintiff notified defendants of the particular alleged causes of action and demanded that they correct or rectify the alleged wrongs.

**SUPERIORITY OF CLASS TREATMENT**

12.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**COLLECTIVE ALLEGATIONS**

13.

Defendants engaged in acts and practices that violated the collective members'

Page 6 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 7 of 15

1   rights under the federal Fair Labor Standards Act. In addition to bringing this action

2   individually on behalf of himself, therefore, plaintiff also brings this action on behalf

3   of all current and former employees who are similarly situated.

4                              **FIRST CAUSE OF ACTION**

5                        Unpaid Wages (non-federal-tax-based claims only)

6                                          14.

7   All previous paragraphs are incorporated by reference herein.

8                                          15.

9   Pursuant to ORS 652.120, TILT was required to pay plaintiff and the class

10  members all wages due, when those wages were due, but willfully failed to do so.

11                                         16.

12  Plaintiff and the class members are entitled to collect the wages due in an amount

13  to be proven at trial, together with attorney fees and costs per ORS 652.200, as well

14  as pre- and post-judgment interest.

15                            **SECOND CAUSE OF ACTION**

16                                Wrongful Deductions

17                                         17.

18  All previous paragraphs are incorporated by reference herein.

19                                         18.

20  Pursuant to ORS 652.610, TILT was prohibited from deducting certain amounts

21  from plaintiff's and the class members' paychecks but willfully did so.

22                                         19.

23  Plaintiff and the class members are entitled to (for each violation) the greater of

Page 7 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 8 of 15**

1   $200 statutory damages or actual damages in an amount to be proven at trial,

2   pursuant to ORS 652.615, together with attorney fees, costs, and pre- and post-

3   judgment interest.

4   **THIRD CAUSE OF ACTION**

5   Unpaid Wages Upon Termination

6   20.

7   All previous paragraphs are incorporated by reference herein.

8   21.

9   Pursuant to ORS 652.140, TILT was required to pay Plaintiff and the class

10  members all earned and unpaid wages by the statutory deadline upon termination of

11  employment but willfully failed to do so.

12  22.

13  Plaintiff and the class members are entitled to collect all wages remaining due, in

14  an amount to be proven at trial, together with attorney fees and costs per ORS

15  652.200, as well as pre- and post-judgment interest, and the 30 days of statutory

16  penalty wages provided by ORS 652.150.

17  **FOURTH CAUSE OF ACTION**

18  Conversion

19  23.

20  All previous paragraphs are incorporated by reference herein.

21  24.

22  By misappropriating the tip pool funds entrusted to them, defendants exercised

23  unlawful dominion and control over the property, which completely interfered with

Page 8 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 9 of 15**

1  the employees' right to control it, so that defendants may justly be required to repay

2  the full value of the property. This breach of bailment contract and of trust and of

3  fiduciary responsibilities qualifies as, and is enforceable as, conversion.

25.

5  Plaintiff and the class members are entitled to recover the value of the property

6  tortiously converted, in addition to pre- and post-judgment interest and (on motion)

7  punitive damages.

8  **FIFTH CAUSE OF ACTION**

9  Breach of Contract

10  26.

11  All previous paragraphs are incorporated by reference herein.

12  27.

13  Defendants told plaintiff and the class members upon their hire that they would

14  be paid "minimum wage plus gratuities." Further, defendants' employment contract

15  with plaintiff and the class members included a share of the tip pool as determined by

16  a pre-existing formula. Defendants breached that material term of the contract, by

17  changing those distribution shares without informing or seeking permission for the

18  change, which proximately caused monetary damage to plaintiff and the class

19  members.

20  28.

21  Plaintiff and the class members are therefore entitled to the difference between

22  the tip pool share they received and that which they were promised.

23  ///

Page 9 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 10 of 15**

1    **SIXTH CAUSE OF ACTION**

2    Tortious Breach of Duty of Good Faith and Fair Dealing

3    29.

4    All previous paragraphs are incorporated by reference herein.

5    30.

6    Because defendants collected all tips and gratuities from employees for the

7    purpose of redistributing them, they had a special bailor/fiduciary/trustee

8    relationship with the intended recipients, involving a heightened duty of care beyond

9    and independent from that of a simple employment contract. Thus, defendants'

10   intentional action to deprive plaintiff and the class members of their expected

11   contractual benefits was a tortious breach of the duty of good faith and fair dealing,

12   and of defendants' fiduciary obligations, which proximately caused plaintiff and the

13   class members economic and noneconomic damage.

14   31.

15   Plaintiff and the class members are therefore entitled to economic and

16   noneconomic damages, as well as pre-judgment interest and (upon motion) punitive

17   damages.

18   **SEVENTH CAUSE OF ACTION**

19   Unjust Enrichment

20   32.

21   All previous paragraphs are incorporated by reference herein.

22   33.

23   Defendants have failed to pay to plaintiff and the class members tip pool money to

Page 10 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 11 of 15**

1    which they are rightfully entitled, and defendants have been directly and indirectly

2    unjustly enriched and benefited thereby, and equity and good conscience demand

3    that plaintiff and the class members' money be returned.

4                                34.

5    Plaintiff and the class members are entitled to recover in restitution the money

6    unlawfully taken from them, in an amount to be proven at trial, in addition to pre-

7    and post-judgment interest.

8                    **EIGHTH CAUSE OF ACTION**

9                    Money Had and Received

10                               35.

11    All previous paragraphs are incorporated by reference herein.

12                               36.

13    Defendants have failed to pay to plaintiff and the class members tip pool money to

14    which *ex aequo et bono* they are rightfully entitled, and equity and good conscience

15    demand that plaintiff and the class members' money be returned to them by

16    defendants.

17                               37.

18    Plaintiff and the class members are entitled to the money unlawfully withheld

19    from them, in an amount to be proven at trial, in addition to pre- and post-judgment

20    interest and (on motion) punitive damages.

21    ///

22    ///

23    ///

Page 11 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 12 of 15**

**NINTH CAUSE OF ACTION**

FLSA Tip Theft

38.

All previous paragraphs are incorporated by reference herein.

39.

Pursuant to 29 USC § 203(m)(2)(B), TILT was required to pay Plaintiff and the collective members all of their tips, or if a tip pool was mandatory, was required to ensure that no managers, supervisors, or other statutory employers took part in such tip pool. It failed to do so.

40.

Plaintiff and the collective members are entitled to collect the difference between the tips received and the tips due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs of the action pursuant to 29 USC § 216(b).

**TENTH CAUSE OF ACTION**

Accounting

41.

All previous paragraphs are incorporated by reference herein.

42.

By collecting all tips and gratuities of all employees for the purpose of redistributing them according to the agreed-upon formula, defendants became the bailor, fiduciary, and trustee of those funds, holding them in trust for the proper recipients. As such, defendants owe plaintiff and the class members a duty to render

Page 12 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 13 of 15**

1   an account showing in detail the items taken in and expended, when, to whom, and

2   for what purpose, and that the account rendered and expenditures claimed were

3   correct, just, and necessary.

4                                          43.

5        Plaintiff and the class members are therefore entitled to a full accounting of the

6   tips and gratuities received and/or paid out by defendants, and to an equitable award

7   of any amounts to which such accounting demonstrates that they are entitled.

8                            **ELEVENTH CAUSE OF ACTION**

9                                 Declaratory Judgment

10                                         44.

11       All previous paragraphs are incorporated by reference herein.

12                                         45.

13       Plaintiff and the class members are entitled to a declaratory judgment declaring

14  TILT's violations as outlined above.

15                               **JURY TRIAL DEMAND**

16                                         46.

17       Plaintiff and the class and collective members demand a jury trial on all claims

18  and issues to the extent allowed under the law.

19                                **PRAYER FOR RELIEF**

20  **WHEREFORE**, Plaintiff requests that the Court award him and the class and

21  collective members such actual, statutory, liquidated, punitive (on motion), and other

22  damages as set forth above in amounts to be proven at trial; award attorney fees,

23  costs, disbursements, costs of the action, and expenses of suit; award pre- and post-

Page 13 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 14 of 15**

1    judgment interest as provided by law; declare defendants' violations as enumerated

2    above; and order such further or alternative relief as the Court deems appropriate.

3    DATED this October 2, 2019

4                                         JON M. EGAN, P.C.

5                                         *s/ Jon M. Egan*

6                                         _____
                                          Jon M. Egan, OSB #002467
7                                         Attorney for Plaintiff

Page 14 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 15 of 15**

Skip to Main Content  Logout  My Account  Search Menu  Search Civil, Family, Probate and Tax Court Case Records  Refine Search  Back

Location : All Locations    Images  Help

# REGISTER OF ACTIONS

## CASE NO. 19CV43275

| | |
|---|---|
| Omar Rojer vs Octavian Jurj, Brittany Jurj, H3ritage, Inc., Tilt 1 LLC, Tilt 2 LLC etal. | § § § § § |

| | |
|---|---|
| Case Type: | **Tort - General** |
| Date Filed: | **10/02/2019** |
| Location: | **Multnomah** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| Defendant | **H3ritage, Inc.** | |
| Defendant | **Jurj, Brittany** | |
| Defendant | **Jurj, Octavian** | |
| Defendant | **Tilt 1 LLC** | |
| Defendant | **Tilt 2 LLC** | |
| Defendant | **Tilt 3 LLC** | |
| Plaintiff | **Rojer, Omar** | **JON M EGAN** *Retained* 503 697-3427(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/02/2019 | **Complaint** *Oregon Wage and Hour Claims; NOT SUBJECT TO MANDATORY ARBITRATION* Created: 10/03/2019 7:57 AM |
| 10/02/2019 | **Service** |

| | | |
|---|---|---|
| Jurj, Octavian | Unserved | |
| Jurj, Brittany | Unserved | |
| H3ritage, Inc. | Served | 11/22/2019 |
| | Returned | 11/24/2019 |
| Tilt 1 LLC | Served | 11/22/2019 |
| | Returned | 11/24/2019 |
| Tilt 2 LLC | Served | 11/22/2019 |
| | Returned | 11/24/2019 |
| Tilt 3 LLC | Served | 11/22/2019 |
| | Returned | 11/24/2019 |

Created: 10/03/2019 7:57 AM

| | |
|---|---|
| 11/21/2019 | **Proof - Service** *(NO service date)* Created: 11/22/2019 8:52 AM |
| 11/24/2019 | **Proof - Service** Created: 11/25/2019 8:12 AM |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Rojer, Omar | | |
| Total Financial Assessment | | 594.00 |
| Total Payments and Credits | | 594.00 |
| **Balance Due as of 12/06/2019** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 10/03/2019 | Transaction Assessment | | | 594.00 |
| 10/03/2019 | xWeb Accessed eFile | Receipt # 2019-869314 | Rojer, Omar | (594.00) |

**Exhibit 2**

**Page 1 of 1**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| OMAR ROJER,<br><br>                    Plaintiff,<br><br>        vs.<br><br>OCTAVIAN JURJ and BRITTANY JURJ, individuals; H3RITAGE, INC., an Oregon corporation; and TILT 1 LLC, TILT 2 LLC, and TILT 3 LLC, Oregon limited liability companies,<br><br>                    Defendants. | Case No. 19CV43275<br><br>ACCEPTANCE OF SERVICE |

I hereby accept service of the Summons and Complaint in the above-captioned matter on behalf of H3RITAGE, INC., TILT 1 LLC, TILT 2 LLC, and TILT 3 LLC, on the date set out below, and certify that I am authorized to do so. I further certify that copies of the Summons and Complaint have been provided to me. By accepting service in this manner, defendants waive any and all deficiencies, defects, or irregularities in the method or manner of service, but retain any and all other defenses to the above-captioned case.

DATED this 22nd day of November, 2019

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____
Sean M. Driscoll, OSB #022987
Lucy G. Ohlsen, OSB #184198

Attorney for Defendant's H3RITAGE, Inc., Tilt 1 LLC, Tilt 2 LLC, and Tilt 3 LLC.

4825-4542-5325.1 Page 1 – ACCEPTANCE OF SERVICE

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 3
Page 1 of 1